# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

LESLIE DENNIS MANNON,              )
                                      )
        Plaintiff,              )
                                        )
       vs.              )       Case No.:  6:26-CV-03259-MDH
                                        )
UNITED STATES DEPARTMENT OF              )
HOMELAND SECURITY, et al.,              )
                                        )
       Defendants.              )

## ANSWER OF DEFENDANTS CITY OF SPRINGFIELD, WHEELEN, HOUSEMAN, WHISNANT AND MATTHEWS

COME NOW Defendants City of Springfield, Wheelen, Houseman, Whisnant and Matthews (hereinafter "Answering Defendants"), by and through their undersigned counsel of record, and for their Answer to Plaintiff's "First Amended Complaint for Damages, Declaratory and Injunctive Relief" (Doc. No. 3, hereinafter "Complaint") state and allege to the Court as follows.

1.      Answering Defendants admit Plaintiff is currently proceeding pro se and that he has filed this civil lawsuit but deny the balance of the allegations, matters and averments made or contained in paragraph 1 of the Complaint.

2.      Answering Defendants are without sufficient information or knowledge to admit or deny whether Plaintiff is a deaf, hard-of-hearing American citizen, a Missouri resident or was previously a candidate for elected office and, therefore, deny those portions of paragraph 2. Additionally, Answering Defendants deny the balance of the allegations, matters and averments made or contained in paragraph 2 of the Complaint.

6083

1

3. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 3 of the Complaint and, therefore, deny same.

4. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 4 of the Complaint and, therefore, deny same.

5. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 5 of the Complaint and, therefore, deny same.

6. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 6 of the Complaint and, therefore, deny same.

7. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 7 of the Complaint and, therefore, deny same.

8. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 8 of the Complaint and, therefore, deny same.

9. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 9 of the Complaint and, therefore, deny same.

10. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 10 of the Complaint and, therefore, deny same.

11. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 11 of the Complaint and, therefore, deny same.

12. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 12 of the Complaint and, therefore, deny same.

13. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 13 of the Complaint and, therefore, deny same.

14. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 14 of the Complaint and, therefore, deny same.

15. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 15 of the Complaint and, therefore, deny same.

16. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 16 of the Complaint and, therefore, deny same.

6083

17. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 17 of the Complaint and, therefore, deny same.

18. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 18 of the Complaint and, therefore, deny same.

19. Answering Defendants admit the City of Springfield is a municipal entity organized under the laws of the state of Missouri but are without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 19 of the Complaint and, therefore, deny same.

20. Answering Defendants admit Defendant Wheelen is a supervisor but are without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 20 of the Complaint and, therefore, deny same.

21. Answering Defendants admit Defendant Houseman is a supervisor but are without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 21 of the Complaint and, therefore, deny same.

22. Answering Defendants admit Defendant Whisnant is an officer but are without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 22 of the Complaint and, therefore, deny same.

23. Answering Defendants admit Defendant Matthews is an officer but are without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 23 of the Complaint and, therefore, deny same.

24. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 24 of the Complaint and, therefore, deny same.

25. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 25 of the Complaint and, therefore, deny same.

26. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 26 of the Complaint and, therefore, deny same.

27. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 27 of the Complaint and, therefore, deny same.

28. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 28 of the Complaint and, therefore, deny same.

29. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 29 of the Complaint and, therefore, deny same.

30. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 30 of the Complaint and, therefore, deny same.

31.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 31 of the Complaint and, therefore, deny same.

32.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 32 of the Complaint and, therefore, deny same.

33.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 33 of the Complaint and, therefore, deny same.

34.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 34 of the Complaint and, therefore, deny same.

35.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 35 of the Complaint and, therefore, deny same.

36.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 36 of the Complaint and, therefore, deny same.

37.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 37 of the Complaint and, therefore, deny same.

38.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 38 of the Complaint and, therefore, deny same.

39.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 39 of the Complaint and, therefore, deny same.

40.     Answering Defendants admit Defendants Whisnant and Matthews arrived at the checkpoint but deny the balance of the allegations, matters and averments made or contained in paragraph 40 of the Complaint.

41.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 41 of the Complaint and, therefore, deny same.

42.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 42 of the Complaint and, therefore, deny same.

43.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 43 of the Complaint and, therefore, deny same.

44.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 44 of the Complaint and, therefore, deny same.

45. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 45 of the Complaint and, therefore, deny same.

46. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 46 of the Complaint and, therefore, deny same.

47. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 47 of the Complaint and, therefore, deny same.

48. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 48 of the Complaint and, therefore, deny same.

49. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 49 of the Complaint and, therefore, deny same.

50. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 50 of the Complaint and, therefore, deny same.

51. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 51 of the Complaint and, therefore, deny same.

52. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 52 of the Complaint and, therefore, deny same.

53. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 53 of the Complaint and, therefore, deny same.

54. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 54 of the Complaint and, therefore, deny same.

55. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 55 of the Complaint and, therefore, deny same.

56. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 56 of the Complaint and, therefore, deny same.

57. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 57 of the Complaint and, therefore, deny same.

58. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 58 of the Complaint and, therefore, deny same.

59. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 59 of the Complaint and, therefore, deny same.

60. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 60 of the Complaint and, therefore, deny same.

61. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 61 of the Complaint and, therefore, deny same.

62. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 62 of the Complaint and, therefore, deny same.

63. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 63 of the Complaint and, therefore, deny same.

64. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 64 of the Complaint and, therefore, deny same.

65. Answering Defendants deny each and every other allegation, matter and averment made or contained in paragraphs 1 through 64 of the Complaint not specifically and previously admitted herein.

## COUNT I

66. To the extent paragraph 65 of Count I incorporates by reference all preceding paragraphs of said Complaint, Answering Defendants incorporate herewith their responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

67. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 66 of the Complaint and, therefore, deny same.

68. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 67 of the Complaint and, therefore, deny same.

69. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 68 of the Complaint and, therefore, deny same.

70. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 69 of the Complaint and, therefore, deny same.

71. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 70 of the Complaint and, therefore, deny same.

72. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 71 of the Complaint and, therefore, deny same.

73. Answering Defendants deny each and every other allegation, matter and averment made or contained in Count I of the Complaint not specifically and previously admitted herein.

74. Answering Defendants incorporate herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count I of the Complaint, Answering Defendants respectfully pray to be henceforth dismissed, awarded their costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT II

75. To the extent paragraph 72 of Count II of the Complaint incorporates by reference all preceding paragraphs of said Complaint, Answering Defendants incorporate herewith their responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

76. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 73 of the Complaint and, therefore, deny same.

77. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 74 of the Complaint and, therefore, deny same.

78. Answering Defendants deny the allegations made or contained in paragraph 75 of the Complaint.

79. Answering Defendants deny the allegations made or contained in paragraph 76 of the Complaint.

6083

12

80. Answering Defendants deny the allegations made or contained in paragraph 77 of the Complaint.

81. Answering Defendants deny the allegations made or contained in paragraph 78 of the Complaint.

82. Answering Defendants deny each and every other allegation, matter and averment made or contained in Count II of the Complaint not specifically and previously admitted herein.

83. Answering Defendants incorporate herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count II of the Complaint, Answering Defendants respectfully pray to be henceforth dismissed, awarded their costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT III

84. To the extent paragraph 79 of Count III of the Complaint incorporates by reference all preceding paragraphs of said Complaint, Answering Defendants incorporate herewith their responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

85. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 80 of the Complaint and, therefore, deny same.

86. Answering Defendants deny the allegations made or contained in paragraph 81 of the Complaint.

87. Answering Defendants deny the allegations made or contained in paragraph 82 of the Complaint.

88. Answering Defendants deny the allegations made or contained in paragraph 83 of the Complaint.

89. Answering Defendants deny the allegations made or contained in paragraph 84 of the Complaint.

90. Answering Defendants deny each and every other allegation, matter and averment made or contained in Count III of the Complaint not specifically and previously admitted herein.

91. Answering Defendants incorporate herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count III of the Complaint, Answering Defendants respectfully pray to be henceforth dismissed, awarded their costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT IV

92. To the extent paragraph 85 of the Complaint incorporates by reference all preceding paragraphs of said Complaint, Answering Defendants incorporate herewith their responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

93. Answering Defendants deny the allegations made or contained in paragraph 86 of the Complaint.

94. Answering Defendants deny the allegations made or contained in paragraph 87 of the Complaint.

95. Answering Defendants deny the allegations made or contained in paragraph 88 of the Complaint.

96. Answering Defendants deny the allegations made or contained in paragraph 89 of the Complaint.

97. Answering Defendants deny the allegations made or contained in paragraph 90 of the Complaint.

98. Answering Defendants deny each and every other allegation, matter and averment made or contained in Count IV of the Complaint not specifically and previously admitted herein.

99. Answering Defendants incorporate herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count IV of the Complaint, Answering Defendants respectfully pray to be henceforth dismissed, awarded their costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT V

100. To the extent paragraph 91 of Count V of the Complaint incorporates by reference all preceding paragraphs of said Complaint, Answering Defendants incorporate herewith their responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

101. Answering Defendants deny the allegations made or contained in paragraph 92 of the Complaint.

102. Answering Defendants deny the allegations made or contained in paragraph 93 of the Complaint.

103. Answering Defendants deny the allegations made or contained in paragraph 94 of the Complaint.

104. Answering Defendants deny the allegations made or contained in paragraph 95 of the Complaint.

6083

15

105.    Answering Defendants deny each and every other allegation, matter and averment made or contained in Count V of the Complaint not specifically and previously admitted herein.

106.    Answering Defendants incorporate herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count V of the Complaint, Answering Defendants respectfully pray to be henceforth dismissed, awarded their costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT VI

107.    To the extent paragraph 96 of Count VI of the Complaint incorporates by reference all preceding paragraphs of said Complaint, Answering Defendants incorporate herewith their responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

108.    Answering Defendants deny the allegations made or contained in paragraph 97 of the Complaint.

109.    Answering Defendants deny the allegations made or contained in paragraph 98 of the Complaint.

110.    Answering Defendants deny the allegations made or contained in paragraph 99 of the Complaint.

111.    Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 100 of the Complaint and, therefore, deny same.

112.    Answering Defendants deny the allegations made or contained in paragraph 101 of the Complaint.

113.     Answering Defendants deny each and every other allegation, matter and averment made or contained in Count VI of the Complaint not specifically and previously admitted herein.

114.     Answering Defendants incorporate herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count VI of the Complaint, Answering Defendants respectfully pray to be henceforth dismissed, awarded their costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT VII

115.     To the extent paragraph 102 of Count VII of the Complaint incorporates by reference all preceding paragraphs of said Complaint, Answering Defendants incorporate herewith their responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

116.     Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 103 of the Complaint and, therefore, deny same.

117.     Answering Defendants deny the allegations made or contained in paragraph 104 of the Complaint.

118.     Answering Defendants deny the allegations made or contained in paragraph 105 of the Complaint.

119.     Answering Defendants deny each and every other allegation, matter and averment made or contained in Count VII of the Complaint not specifically and previously admitted herein.

120.     Answering Defendants incorporate herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

6083

17

WHEREFORE, having fully answered Count VII of the Complaint, Answering Defendants respectfully pray to be henceforth dismissed, awarded their costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

**COUNT VIII**

121. To the extent paragraph 106 of Count VIII of the Complaint incorporates by reference all preceding paragraphs of said Complaint, Answering Defendants incorporate herewith their responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

122. Answering Defendants deny the allegations made or contained in paragraph 107 of the Complaint.

123. Answering Defendants deny the allegations made or contained in paragraph 108 of the Complaint.

124. Answering Defendants deny the allegations made or contained in paragraph 109 of the Complaint.

125. Answering Defendants deny each and every other allegation, matter and averment made or contained in Count VIII of the Complaint not specifically and previously admitted herein.

126. Answering Defendants incorporate herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count VIII of the Complaint, Answering Defendants respectfully pray to be henceforth dismissed, awarded their costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

6083

18

## COUNT IX

127. To the extend paragraph 110 of Count IX of the Complaint incorporates by reference all preceding paragraphs of said Complaint, Answering Defendants incorporate herewith their responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

128. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 111 of the Complaint and, therefore, deny same.

129. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 112 of the Complaint and, therefore, deny same.

130. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 113 of the Complaint and, therefore, deny same.

131. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 114 of the Complaint and, therefore, deny same.

132. Answering Defendants deny each and every other allegation, matter and averment made or contained in Count IX of the Complaint not specifically and previously admitted herein.

133. Answering Defendants incorporate herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

6083

19

WHEREFORE, having fully answered Count IX of the Complaint, Answering Defendants respectfully pray to be henceforth dismissed, awarded their costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT X

134. To the extent paragraph 115 of Count X of the Complaint incorporates by reference all preceding paragraphs of said Complaint, Answering Defendants incorporate herewith their responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

135. Answering Defendants deny the allegations made or contained in paragraph 116 of the Complaint.

136. Answering Defendants deny the allegations made or contained in paragraph 117 of the Complaint.

137. Answering Defendants deny each and every other allegation, matter and averment made or contained in Count X of the Complaint not specifically and previously admitted herein.

138. Answering Defendants incorporate herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count X of the Complaint, Answering Defendants respectfully pray to be henceforth dismissed, awarded their costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT XI

139. To the extent paragraph 118 of Count XI of the Complaint incorporates by reference all preceding paragraphs of said Complaint, Answering Defendants incorporate herewith their

responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

140. Answering Defendants deny the allegations made or contained in paragraph 119 of the Complaint.

141. Answering Defendants deny the allegations made or contained in paragraph 120 of the Complaint.

142. Answering Defendants deny each and every other allegation, matter and averment made or contained in Count XI of the Complaint not specifically and previously admitted herein.

143. Answering Defendants incorporate herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count XI of the Complaint, Answering Defendants respectfully pray to be henceforth dismissed, awarded their costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT XII

144. To the extent paragraph 121 of Count XII of the Complaint incorporates by reference all preceding paragraphs of said Complaint, Answering Defendants incorporate herewith their responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

145. Answering Defendants deny the allegations made or contained in paragraph 122 of the Complaint.

146. Answering Defendants deny the allegations made or contained in paragraph 123 of the Complaint.

6083

21

147. Answering Defendants deny the allegations made or contained in paragraph 124 of the Complaint.

148. Answering Defendants deny the allegations made or contained in paragraph 125 of the Complaint.

149. Answering Defendants deny each and every other allegation, matter and averment made or contained in Count XII of the Complaint not specifically and previously admitted herein.

150. Answering Defendants incorporate herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count XII of the Complaint, Answering Defendants respectfully pray to be henceforth dismissed, awarded their costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT XIII

151. To the extent paragraph 126 of Count XIII of the Complaint incorporates by reference all preceding paragraphs of said Complaint, Answering Defendants incorporate herewith their responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

152. Answering Defendants deny the allegations made or contained in paragraph 127 of the Complaint.

153. Answering Defendants deny the allegations made or contained in paragraph 128 of the Complaint.

154. Answering Defendants deny each and every other allegation, matter and averment made or contained in Count XIII of the Complaint not specifically and previously admitted herein.

155. Answering Defendants incorporate herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count XIII of the Complaint, Answering Defendants respectfully pray to be henceforth dismissed, awarded their costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT XIV

156. To the extent paragraph 129 of Count XIV of the Complaint incorporates by reference all preceding paragraphs of said Complaint, Answering Defendants incorporate herewith their responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

157. Answering Defendants deny the allegations made or contained in paragraph 130 of the Complaint.

158. Answering Defendants deny the allegations made or contained in paragraph 131 of the Complaint.

159. Answering Defendants deny each and every other allegation, matter and averment made or contained in Count XIV of the Complaint not specifically and previously admitted herein.

160. Answering Defendants incorporate herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count XIV of the Complaint, Answering Defendants respectfully pray to be henceforth dismissed, awarded their costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

**PLAINTIFF'S "PRAYER FOR RELIEF"**

161.    Answering Defendants deny each and every request for Declaratory Judgment, compensatory damages, punitive damages, injunctive relief, statutory attorneys' fees and costs, pre-and-post-judgment interest and any and all other relief sought, requested or prayed for in that portion of the Complaint entitled "Prayer for Relief" appearing on pages 28-33.

162.    Additionally, to the extent any response to Plaintiff's statement of "Total Damages Sought" is necessary or appropriate, Answering Defendants deny the requests for damages listed on page 31 of the Complaint.

**AFFIRMATIVE DEFENSES**

163.    Answering Defendants deny each and every other allegation, matter and averment made or contained in Plaintiff's Complaint not specifically and previously admitted herein.

164.    Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Answering Defendants and fails to state a claim upon which relief may be granted against them so that the same should be dismissed at Plaintiff's costs.

165.    For other affirmative answer and defense, Answering Defendants allege that any and all actions or acts committed by them or on their behalf were discretionary in nature and taken in good faith and were objectively reasonable under the circumstances then existing and were not in violation of clearly established law and, therefore, these Defendants are protected from liability by the doctrine of qualified immunity.

166.    For other affirmative answer and defense, Answering Defendants state any and all actions or acts committed by them or on their behalf were proper, reasonable and appropriate, and that they are protected by qualified immunity, official immunity, absolute immunity and/or judicial immunity.

24

167. For other affirmative answer and defense, Answering Defendants allege they acted with objective reasonableness under the circumstances then existing, and their conduct was justified and/or privileged and/or protected by the qualified immunity doctrine.

168. For other affirmative answer and defense, Answering Defendants allege that Plaintiff's damages, if any, were proximately caused by Plaintiff's own negligence and/or acts and/or the negligence and acts of others who are beyond the control of Answering Defendants, and whose fault should be compared.

169. For other affirmative answer and defense, Answering Defendants state that to the extent, if any, that Plaintiff's Complaint attempts to state any cause of action under Missouri state law, Answering Defendants are protected from liability by Missouri's public duty doctrine and/or Missouri's official immunity doctrine and/or sovereign immunity by virtue of R.S.Mo. § 537.600, *et seq*.

170. For other affirmative answer and defense, Answering Defendants state that Plaintiff is not entitled to any punitive damage award against them for any one or more of the following reasons:

(a) The standards by which Answering Defendants' conduct is to be determined as alleged by Plaintiff are vague and wholly arbitrary and, as such, deny due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution;

(b) The standards for determining the amount and/or subsequent imposition of punitive damages are vague, supply no notice to Answering Defendants of the potential repercussions of their alleged conduct and are subject to the unbridled discretion of the fact finder, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

(c)	Plaintiff's request for punitive damages is criminal in nature and the rights given defendants in criminal proceedings under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution are applicable;

(d)	Plaintiff's request for punitive damages constitutes a request for and/or imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

(e)	Plaintiff's request for punitive damages constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution;

(f)	Plaintiff's request for punitive damages constitutes a denial of equal protection of the law in violation of the Fifth and Fourteenth Amendments of the United States Constitution in that a defendant's wealth or net worth may be considered by a fact finder in determining the award of damages in a punitive damages award;

(g)	Plaintiff's request for punitive damages cannot protect Answering Defendants against multiple punishments for the same alleged wrong, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

(h)	An award of punitive damages would violate Answering Defendants' due process under the United States Constitution as well as in violation of the United States Supreme Court's decision in *Pacific Mutual Insurance Co. v. Haslip*;

(i)	To the extent Answering Defendants are being sued for tort claims under state law, punitive damages against governmental entities are prohibited and/or barred by R.S.Mo. § 537.610.

171.	For other affirmative answer and defense, Answering Defendants state the conduct, decisions, and actions attributed to them by Plaintiff in the Complaint involved discretionary

26

activity and/or conduct and, accordingly, Answering Defendants are shielded from liability by operation of Missouri's official immunity doctrine.

172. For other affirmative answer and defense, Answering Defendants state the duties, activities and/or conduct which are described in the Complaint were ones owed by Answering Defendants to the public at large and, therefore, Answering Defendants are shielded from liability by virtue of Missouri's public duty doctrine.

173. For other affirmative answer and defense, Answering Defendants state and allege that any and all acts or conduct committed by or attributed to them were discretionary in nature, were objectively reasonable under the circumstances then existing, and were not in violation of clearly established law and, therefore, Answering Defendants are protected from liability by qualified immunity.

174. For other affirmative answer and defense, Answering Defendants state Plaintiff's claims are barred by Missouri's sovereign immunity statute, R.S.Mo. § 537.600.1, and no exception to sovereign immunity has been pleaded or otherwise exists.

175. For other affirmative answer and defense, Answering Defendants state and allege that to the extent, if any, they used any force, the amount of force used was reasonable, justified, authorized and appropriate under common law and Missouri statutory authority.

176. For other affirmative answer and defense, Answering Defendants state that in the event they are found or determined to have any liability to Plaintiff, which liability is expressly denied, their liability is limited to that allowed and/or permitted pursuant to R.S.Mo. § 537.610.

177. For other affirmative answer and defense, Answering Defendants state there is no vicarious liability under any of the theories asserted or pleaded by Plaintiff and, accordingly, some or all of Plaintiff's claims and theories of recovery are subject to dismissal.

178. For other affirmative answer and defense, Answering Defendants state and allege they acted reasonably under the circumstances then existing and made reasonable accommodations to Plaintiff or were prohibited from doing so in light of Plaintiff's conduct and/or legitimate and proper safety concerns.

179. For other affirmative answer and defense, Answering Defendants state and allege they made discretionary decisions and/or took discretionary action under the circumstances then existing and their decisions and/or judgment are not subject to second guessing or the benefit of 20/20 hindsight.

180. For other affirmative answer and defense, Answering Defendants state and allege Plaintiff posed a direct threat to the health or safety of other individuals and, therefore, no accommodation was necessary under the facts and circumstances presented here.

181. For other affirmative answer and defense, Answering Defendants state Plaintiff was not excluded from participation in, or denied the benefits of, a service, program or activity of a public entity.

182. For other affirmative answer and defense, Answering Defendants state any actions taken by or on their behalf were not because of any disability Plaintiff may have had, but were based on legitimate law enforcement objectives including public safety and security.

183. For other affirmative answer and defense, Answering Defendants state any duty to accommodate Plaintiff was limited or excused by exigent circumstances, including officer and public safety, rapidly evolving conditions, or the need to secure the scene.

184. For other affirmative answer and defense, Answering Defendants state they enjoy and possess absolute immunity to the claims and theories presented against them and that no valid Congressional waiver exists.

185. For other affirmative answer and defense, Answering Defendants affirmatively state the actions and/or inactions they took were due to direct threats and/or valid and reasonable security concerns existing at the time.

186. For other affirmative answer and defense, Answering Defendants state Plaintiff lacks standing to seek or receive any type of Declaratory or Injunctive relief and that there is neither real nor immediate danger of sustaining a direct injury as a result of the challenged conduct.

187. Answering Defendants reserve the right to assert and plead additional affirmative defenses if and when facts supporting said affirmative defenses become known and available to them.

WHEREFORE, based upon the above and foregoing, Answering Defendants respectfully pray to be henceforth dismissed, awarded their costs, expenses and attorneys' fees herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Answering Defendants demand a trial by jury on all issues and claims.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP


 /s/ David S. Baker
David S. Baker                                    #30347
9393 W. 110th Street, Suite 300
Building 51, Corporate Woods
Overland Park, KS 66210
DBaker@fpsslaw.com
Phone: (913) 339-6757;  Fax: (913) 660-7919
***Attorneys for Defendant City of Springfield, Missouri, Houseman, Matthews, Wheelen and Whisnant***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 22, 2026, I electronically filed the foregoing with the Clerk of the Court and deposited a true and correct copy of the above and foregoing in the United States Mail, postage prepaid, addressed as follows:

Leslie Dean Mannon
25641 Ortega Drive
Lebanon, MO 65536
***Pro Se Plaintiff***

    /s/ David S. Baker
DAVID S. BAKER