UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LESLIE MANNON,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et.al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 6:26-cv-03259-MDH |

**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendants United States Department of Homeland Security, the Transportation Security Administration, Christine Griggs, in her official capacity as Assistant Administrator of the TSA Office of Civil Rights and Liberties, Kristin C. Andrade, in her official capacity, and Brian Meadows, in his official capacity as Assistant Federal Security Director, Mission Support, Missouri Airports ("Federal Defendants"), state the following Reply Suggestions in support of their Motion to Dismiss, ECF No. 22:

**I. The Court lacks subject matter jurisdiction over Plaintiff's claims against the Federal Defendants.**

In his AI-generated response, Plaintiff concedes that he is not entitled to monetary damages. Resp. at 4–7, ECF No. 23. In addition, Plaintiff admits that he has no standing to seek an injunction that he not be placed on Secondary Security Screening Selection status or a watchlist in the future. *Id.* at 9 ("To the extent Paragraph 84 asks the Court to enjoin a designation that would be applied at some undated future encounter, Plaintiff does not press that request."). However, Plaintiff maintains that he has standing to "request that the Court vacate the three closure decisions TSA has already issued (October 24, November 21, and November 24, 2025) and remand for a compliant § 504 review by an independent reviewer" and that the Court resolve whether he

is *presently* on a watchlist or SSSS status. *Id.* at 7–8. Plaintiff asserts that he has standing for these requests because they present an ongoing injury.[1]

However, nowhere in the Amended Complaint or his response brief does Plaintiff articulate what his ongoing injury actually is. He states in conclusory fashion that the TSA's closure of his complaints, and the "unresolved silence" as to whether he is on a watchlist or SSSS status, are a "continuing, present adverse effect." Yet Plaintiff fails to state exactly how these present *any* invasion of a legally protected interest, let alone a concrete one. *See Lujan*, 504 U.S. at 60. Indeed, Plaintiff's email correspondence with TSA representatives merely voices his belief that his civil rights were violated and requests "independent review" of the actions of the involved TSA agents. Mot. to Dismiss, Ex. A & B, ECF No. 22-1, 22-2. Plaintiff indicates no downstream consequences from the federal defendant's failure to conduct his requested review. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) ("Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions.") (quoting *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 332 (7th Cir. 2019)). Likewise, if Plaintiff can allege no future travel plans, then he cannot be harmed by the possibility that he will receive SSSS on his boarding pass or that he is currently on a watchlist. *Tincher v. Mullin*, No. 0:25-CV-4669 (KMM/DTS), 2026 WL 2797318, at *10 (D. Minn. Sept. 18, 2026) ("[A]ssuming Mr. Doxsey was placed on such a list, he has not alleged any kind of concrete harm stemming from this designation, nonetheless the ongoing harm needed for injunctive relief. He does not allege that he has had or is facing any downstream consequence from the designation or

---

[1] Curiously, Plaintiff also indicates that he has standing to seek declaratory and injunctive relief due to a "completed injury," and points out that *Lyons* also involved a damages claim regarding a police officer's previously application of force. Reply at 7, ECF No. 23. At the risk of stating the obvious, declaratory and injunctive relief are not the same type of remedy as damages. Relief which enjoins presently ongoing or future conduct does not provide any redress for past conduct. Plaintiff lacks standing to seek declaratory and injunctive relief for any completed injuries.

that this "list of domestic terrorists" has been disseminated to a third party. The Supreme Court made clear in *TransUnion* that such sparse allegations are insufficient at this stage to establish standing."); *see also Corbett v. TSA*, 930 F.3d 1225, 1236 (11th Cir. 2019), *cert. denied*, 140 S. Ct. 900 (2020) (finding Plaintiff lacked standing where he was "left to argue only that he might be designated as a selectee under TSA's random selection process"); *Barker v. TSA*, 353 F. App'x 450 (1st Cir. 2009) (passenger lacked standing for claims against TSA due to his failure to allege an actual or imminent injury in fact); *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (distinguishing between threatened injury that is "*certainly impending*," which constitutes injury in fact, and "[a]llegations of *possible* future injury," which are insufficient). Plaintiff has not borne his burden of establishing standing.

Regarding Plaintiff's APA claim, he has failed to allege a final agency action for the same reason. "To constitute a final agency action, the agency's action must have inflicted 'an actual, concrete injury' upon the party seeking judicial review." *Sisseton-Wahpeton Oyate of Lake Traverse Rsrv. v. United States Corps of Eng'rs*, 888 F.3d 906, 915 (8th Cir. 2018).

## II. Plaintiff received effective communication resulting in meaningful access to the benefits of a government program, and his Section 504 claim must therefore be dismissed.

Section 504 guarantees that no disabled individual—solely by reason of their disability—be "denied the benefits of" "any program or activity conducted by any Executive agency." 29 U.S.C. § 794. In the context of hearing-impaired individuals, "the legal standard is effective communication that results in meaningful access to government services." *Loye v. Cnty. of Dakota*, 625 F.3d 494, 500 (8th Cir. 2010). The meaningful access standard requires entities to provide hearing-impaired individuals with "an equal opportunity to gain the same benefit" as their hearing-abled peers. *Durand v. Fairview Health Servs.*, 902 F.3d 836, 842 (8th Cir. 2018). Plaintiff argues

that he was not provided meaningful access to government services because his requests for an accommodation via the text-to-speech app on his phone were "refused outright." Resp. at 13, ECF No. 23. However, by his own allegations Plaintiff received the exact same benefits of the TSA's security checkpoint program as a hearing-abled individual—the ability to proceed into the secured area and board his flight. Am. Compl. ¶¶ 31, 53. Further, according to his own allegations Plaintiff received effective communication: "TSA officers approached and indicated that Plaintiff would be subjected to a pat-down," *id.* ¶ 36, and a "TSA supervisor eventually typed a brief written message on her own personal phone." *Id.* ¶ 39. Taking Plaintiff's own allegations as true, he cannot state a claim under Section 504.

## III. Plaintiff fails to state a claim under the APA.

Finally, Plaintiff's arguments that he has stated an APA claim regarding the TSA's closure of his complaint are unavailing. Plaintiff admits that Ms. Andrade's handling of the complaints cures his claim of bias, and that the faulty date stated in one of the emails does not present an APA claim. Resp. at 16, 17.

Further, Plaintiff fails to state a claim that the TSA's decision to treat his complaint as a customer service issue rather than a civil rights complaint was arbitrary and capricious. An agency action is arbitrary and capricious where the agency "has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Manufacturers Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Plaintiff appears to assert that the treatment of his complaint as a customer service issue failed to consider alleged violations of Section 504 of the Rehabilitation Act and of his constitutional rights.

However, Plaintiff cannot seek review of Section 504 violations under the APA because Section 504 itself provides an adequate remedy. 5 U.S.C 704 ("Agency action made reviewable by statute and final agency action for *which there is no other adequate remedy in a court* are subject to judicial review.") (emphasis added). Regarding Plaintiff's asserted violations of the First and Fourth Amendment, his correspondence—as well as the Amended Complaint—asserts merely that he temporarily surrendered his property for the purpose of a TSA x-ray screening, and that his property was subsequently returned. Thus he asserts no seizure of property beyond that which is generally applicable to all airline passengers. *See United States v. Aukai*, 497 F.3d 955, 960 (9th Cir. 2007) ("We have held that airport screening searches, like the one at issue here, are constitutionally reasonable administrative searches because they are conducted as part of a general regulatory scheme in furtherance of an administrative purpose, namely, to prevent the carrying of weapons or explosives aboard aircraft, and thereby to prevent hijackings.") (internal quotation omitted). Finally, Plaintiff appears to assert that the TSA's decision to close his complaint was not supported by reasoned decision making. However, the email correspondence from TSA representatives clearly articulates the Agency's decision-making process.

## IV. Conclusion

For the reasons stated above and in the Federal Defendants' original Motion to Dismiss, the Federal Defendants request that the Court dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim.

Respectfully submitted,

R. Matthew Price
United States Attorney

By: */s/ Wyatt R. Nelson*
Wyatt Nelson,
Missouri Bar No. 72944
Assistant United States Attorney
901 St. Louis Street, Suite 500
Springfield, MO 65806
Telephone: (417) 831-4406
wyatt.nelson@usdoj.gov

ATTORNEYS FOR DEFENDANTS
DEPARTMENT OF HOMELAND SECURITY
TRANSPORTATION SECURITY
ADMINISTRATION

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of October 2026, a true and correct copy of the foregoing document was filed with the Court using the Court's CM/ECF system and was mailed to Pro Se Plaintiff at the address listed below.

Leslie Mannon
25641Ortega Drive
Lebanon, MO 65536

*/s/ Wyatt R. Nelson*

Wyatt R. Nelson
Assistant United States Attorney